W. H. BUTLER, use, etc., VS. L. ALCUS et al.

1. BOND OF INDEMNITY: *To sheriff by attaching creditor — Bond must be returned with the papers.*

   Where the plaintiff sues out an attachment, and the sheriff requires a bond of indemnity before he makes a levy, the bond of indemnity must be returned with the papers in the attachment suit. Rev. Code of 1871, § 845. Where, in a suit on a bond of indemnity, the plea denies that the bond was returned with the papers in the attachment suit, and the plaint_ iff in his replication avers that the bond was so returned, he holds the affirmative of the issue, and must prove it.

2. PLEADING AND PRACTICE: *Nil debet.*

   An indemnifying bond is not such a bond for the payment of money as is contemplated by sec. 600 of the code of 1871, and *nil debet* is not the appropriate plea to suits on such bonds.

ERROR to the Circuit Court of *Lincoln* County.

Hon. J. M. SMILEY, Judge.

All the material facts in this case are stated in the opinion of the court, together with the assignments of error.

*Sessions & Cassidy*, for plaintiff in errror :

The plea is predicated on the Code of 1871, §§ 844, 845, and neither requires the bond to be "filed" with the attachment papers. If the plea is law, the bond would be void, although "returned," if it is not marked "filed." Independent of this, by a proper construction of the code, § 1438, which provides that the officer, either before or after serving the attachment, may demand a bond of indemnity, the bond can be sustained. This section does not require the bond to be returned. The demurrer to the plea of *nil debet* should have been sustained. Baggett *v.* Beard, 43 Miss., 120.

*Chrisman & Thompson*, for defendant in error :

The case will not be reversed. Plaintiff had no case on the merits. We think the pleas were good — indeed, that the declaration to the demurrer ought to have been sustained.

As to the plea of *nil debet*, the question is settled by the code

of 1871, § 600.   The demurrer admits that the bond was not returned as required by the law, and that admission is fatal.

PEYTON, C. J., delivered the opinion of the court.

This was an action on a bond of indemnity, brought by W. H. Butler, sheriff of Lawrence county, for the use of Doratha Cohn, against L. Alcus and Abraham Scherck.

The defendant pleaded *nil debet*, and four special pleas.   A demurrer was sustained to the second and fourth of said special pleas, and overruled as to the third plea to an amended declaration, which is the following:   And for further special plea to the amended declaration, the defendants say that the bond sued on in this action was not delivered in this: that it was not returned with the attachment mentioned in said declaration, nor was it ever filed among the papers in said suit.   And to this plea, the plaintiff in his replication says that the bond sued on in this action was delivered and returned with the attachment mentioned in said declaration, and avers that said bond was filed among the papers in said suit; whereupon the jury found a verdict for the defendants, and the plaintiff moved for a new trial, which was overruled by the court, and a bill of exceptions taken, which shows that no other evidence was offered at the trial than the bond of indemnity, which was excluded by the court.

From the judgment rendered upon the verdict, the plaintiff prosecutes this writ of error, and makes the following assignments of error:

1. The court erred in overruling the plaintiff's demurrer to the plea of *nil debet*.

2. The court erred in overruling the demurrer of the plaintiff to the third plea.

3. The court erred in refusing to admit as evidence the bond of indemnity.

4. The court erred in overruling the motion for a new trial.

With respect to the first assignment of error, the defendants rely on section 600 of the code of 1871, in support of their plea of

*nil debet*, which provides that that shall be a good plea to an action on all bonds and other sealed instruments for the payment of money, and shall put in issue the alleged indebtedness. The bond sued on in this case is not such a bond for the payment of money as is contemplated by the statute. It is a bond with a condition to recover contingent damages for breach of the condition. In such an action at common law, *nil debet* would be a bad plea, and subject to demurrer, and it is believed that the common law is not changed in this respect by the statute. 1 Chitty's Plead., 483 ; Allen *v.* Smith, 7 Hals., 159.

The second and third assignment of errors, as they involve the same question, will be considered together. Section 844 of the code of 1871, provides that if any sheriff or officer shall levy, or shall be about to levy, an execution or attachment on any personal property, and doubt shall arise whether the right to such property is in the defendant or not, such sheriff or officer may demand of the plaintiff a bond, signed by good and responsible persons, payable to such sheriff or officer, in a sufficient penalty, conditioned that the obligors therein shall indemnify and save harmless the said sheriff or officer against all damages which he may sustain in consequence of the seizure or sale of the property on which such levy shall be made. And section 845 of said code provides that if such bond and security be given, it shall be returned with the execution or attachment.

The third plea denies that any such bond was ever returned with the attachment, and the plaintiff, in his replication, avers and affirms that the bond was taken and returned with the attachment. The plaintiff, therefore, holds the affirmative of the issue and must prove it, and having failed to do so upon the trial of the cause, the court did not err in excluding the bond as evidence. And it is believed that it should have been returned with the attachment, and that there was no error, therefore, in overruling the demurrer to said third plea. The fourth assignment of error is not sustainable.

As the case depended upon the result of the issue taken on the

third plea, and that having been found for the defendant, and resulted in the exclusion of the bond of indemnity as evidence, the error of the court in overruling the demurrer to the plea of *nil debet* could not have prejudiced the plaintiff in any way upon the trial of the merits of the cause.

As there was no evidence that the bond had ever been taken and returned, as the law required, and that the plaintiff had been damnified, the judgment was right and ought to be affirmed.

Judgment affirmed.