NEW ALBANY WHOLESALE GROCERY CO. ET AL. *v.* WELLS, SHERIFF.

[74 South. 817, Division A.]

SHERIFF AND CONSTABLES. *Indemnity bond. Necessity of returning.*
   Under Code 1906, section 2143, so providing, the sheriff, upon re-
   turning an execution, must return an indemnity bond taken by
   him when the property was claimed to be exempt if he desires
   to take advantage of such bond as a protection; if he fails to
   so return the bond, then no vitality attaches to the bond, and
   the sheriff and his official bond remains liable to the same ex-
   tent, as if no bond had been demanded by him under this section.

APPEAL from the circuit court of Union COUNTY.
HON. J. BATES, Judge.

Suit by W. M. Wills, sheriff, for use of J. A. Jumper, against the New Albany Wholesale Grocery Co. and others. From a judgment for plaintiff, defendants appeal.

The facts are fully stated in the opinion of the court.

*Stephens & Kennedy,* for appellant.

The matter of the return of the bond as directed by the statute has been passed on by this court as early as 1846, under a statute almost identical with the one referred to above *Tifts Case,* 7 S. & M. pp. 91, 2143, Code 1906, holding that the return of the bond with the execution, or attachment was jurisdictional, to the same effect was the holding of the court in the *Butler Case,* 51 Miss. 47, a case almost, or quite on "all-fours" with the case at bar, it ought to settle this case without further argument, or consideration, etc. If our contention is right as to the return of this writ, or the failure to return it, as required by said statute, then the lower court had no jurisdiction to try the case and the bond could not become the basis of a suit at law

until returned as directed, etc. If a sheriff is' allowed
to take a bond (a public record), and stick it down in
his pocket, or pigeonhole it in his office for years, giv-
ing out a copy of it in the meantime to attorneys, for
the purpose of suing on it, and then misplace the same
bond and thus deprive defendants of their rights in
the matter of getting it into the court, etc., then the
statute is a vain thing.

The burden was on plaintiff, (as a condition prece-
dent), to show that the bond had been properly re-
turned. In fact this should have been alleged in the
declaration; without this allegation no cause of action
was stated. *Butlers Case, supra,* 51 Miss. 47.

It was fatal error to instruct the jury to return a ver-
dict for appellee, plaintiff below, under the condition of
the pleadings and proof in the case, etc.

*S. R. Knox,* for appellee.

To defendant's special plea, "that the bond had never
been returned in accordance with the statute" appellee
replied with his amended declaration, filed thereafter,
setting out fully the conditions of the bond and stating
that the bond was at the time it should have been re-
turned temporarily lost, and stating that when it was
found that it was then properly returned to the justice
court on December 2, 1912, and that the original bond
and written selection were then and there filed and sent
up by the justice to be and was filed in the circuit court
as a part of the records in this suit. This is a com-
plete answer to appellant's special plea.

The statement of appellant's special plea that "a fail-
ure to return the bond makes it null and void" is not a
statement borne out by the law.

There is no condition in the bond that it should be
filed or returned before liability attached and this con-
dition cannot be read into it. No indorsement that the
sheriff or justice could have put on it would have affected

its validity after it was executed and delivered. *Carter* v. *Noland,* 6 L. R. A. 693; *Boykin* v. *State,* 50 Miss. 375.

Section 2144 of Mississippi Code of 1906 follows: "After the execution of such bond, the defendant in the execution or attachment shall be barred of any claim against the officer so seizing or selling the property, unless the obligors in the bond be or become insolvent, or the bond be otherwise invalid; and the defendant in execution or attachment may sue on the bond in the name of payee, for his use, and recover double damages for the loss he has sustained by the seizure or sale of the property." This section authorizes suit on the bond, regardless of whether it has been returned.

There are two separate estopples that are fatal to appellant in reference to this bond; First, appellant's attorneys under whose direction the sheriff was working instructed the sheriff, "To keep this bond for his protection" and they are now estopped in law and good conscience from saying that it ought to have been returned and filed with the justice of peace. However, this very thing was done, as soon as the bond which was temporarily lost was found. Second, appellant is estopped to claim the bond was not returned at the proper time, because appellant through their attorneys received full benefits therefrom.

"Acceptance of any benefit from a transaction or contract with knowledge or notice of the facts and rights will create an estopple." 10 R. C. D. 694.

"One is held to a representation made or a position assumed where otherwise inequitable consequences would result to another, who having the right to do so under all the circumstances of the case, has in good faith, relied thereon." 10 R. C. L. 689; *American Gas & V. M. Co.* v. *Wood,* 43 L. R. A. 457.

"That a man should be allowed by his own speech and conduct to lead another astray, and thereby take substantial benefit from the error of which he was the cause, is subversive of natural justice." *Caswell* v.

*Fuller*, 77 Me. 105; *Stanwood* v. *Mclellan*. 48 Me. 275; *Aetna Insurance Co.*, 30 N. Y. 136-164; *Marston* v. *Kennebec Mut. Life Ins. Co.*, 89 Me. 266; *Travelers Indemnity Co.* v. *Fawkes*, 45 L. R. A. (N. S.) 331.

"The obligors on a bond, that is, the principal and his sureties are estopped from denying the recitals contained therein, and cannot defeat their liability because of some irregularity in the proceedings in which the bond originated." 10. R. C. L. 812.

This bond certainly had the effect in the proceedings to deprive plaintiff of his legal exemption and defendant got the money, and as between defendant and plaintiff, defendant certainly will not be allowed to successfully complain. *Bank* v. *Oneal*, 89 Miss. 54, 38 So. 630; *Parsons, May-Oberschmidt* v. *Furr* (17285), 70 So. 895; *Carlisle* v. *Silver Creek*, 85 Miss. 380, 37 So. 1015.

There are three reasons why this case is different from the case of *Butler* v. *Alcus*, cited in 51 Mississippi, 47. First: In the *Butler* v. *Alcus case*, the bond was never returned but in the case at bar, immediately, when the bond which had been lost was found it was returned to the justice court, filed and also sent up to the circuit court and there filed and was produced and used on the trial of this case. Second: In the *Butler* v. *Alcus case*, the court held as a matter of fact, "There was no evidence that the bond had ever been taken and returned, as the law required, and that the plaintiff had been damnified," but in the case at bar, plaintiff specifically provided by ex-sheriff Wells that on written demand to him he demanded indemnifying bond, and the bond was regularly taken, and was the only bond taken. Page 45 Record. Third: In the *Butler* v. *Alcus case*, plaintiff failed to prove there was any damage to him, but in the case at bar plaintiff clearly showed that his stock of goods was worth six hundred dollars and that he was deprived by this writ of the entire stock. So the facts are entirely different that would justify recovery in the two cases.

The defendant offered no testimony, but rested its case on the testimony offered by plaintiff, and on motion to plaintiff a peremptory instruction was asked and given by the court for plaintiff, for the two hundred and twenty-seven dollars and seventy-five cents.

The court may properly direct a verdict for the full amount of the penalty, whereby uncontradicted evidence it appears that damage in excess of that sum has been sustained. 5 Cyc. 855 B. *Ladd* v. *Smith* (Ala.), 10 So. 836.

Regardless of our statute, this bond was a binding and valid obligation at common law, or as a simple written contract, which could be successfully sued upon, and on which appellee could declare. Its execution was not put in issue by a plea of *non est factum* and the demurrer was properly overruled. *Penton* v. *Williams* (Ala.), 43 So. 211.

SYKES, J., delivered the opinion of the court.

Suit was instituted in the circuit court of Union county by W. M. Wells, sheriff, for the use of J. A. Jumper, against the New Albany Wholesale Grocery Company and Z. M. Stevens, for the sum of two hundred and fifty dollars based upon a bond signed by the defendants in accordance with section 2143 of the Code of 1906, W. M. Wells, the sheriff, had levied on a stock of merchdise which belonged to J. A. Jumper, and was about to sell the same under two writs held by him, when Jumper filed in accordance with law his claim to certain of this property as exempt. Whereupon the sheriff then demanded of the plaintiffs in execution a bond under section 2143 of the Code of 1906. This bond was signed by the defendants to this suit. The sheriff then proceeded with the sale, but failed to return the bond upon which this suit is based with his execution and attachment to the justice of the peace court under whose writs he had made the sale. Shortly after the sale was made

this suit was instituted. It is unnecessary to set out in full the pleadings in the case. Suffice it to say that the testimony showed that this bond was not returned with the papers to the proper justice of the peace court. On the other hand, the testimony of the sheriff shows that he considered that the bond was given to him to secure him personally from any liability, and that it was not his duty to file the same or return it to the court, and that he put it in a safe in the sheriff's office. After the institution of this suit, and three or four years after the execution of the bond, at the request of the attorneys for the appellee, this bond was then filed in the justice of the peace court. At the conclusion of the testimony the defendants in the court below, the appellants here, made a motion to exclude the testimony and for a peremptory instruction because of the failure of the sheriff to return this bond with the execution or attachment in accordance with section 2143 of the Code.

This motion should have been sustained. This exact question was settled in the case of *Butler* v. *Alcus,* 51 Miss. 47. In that case there was a special plea setting up the fact that the bond sued on was not delivered, because it was not returned with the attachment mentioned in the declaration, nor was it ever filed among the papers in said suit. The statutes relating to bonds in the Code of 1871 upon the proposition here involved are the same as section 2143, Code of 1906. In passing upon this question the court said:

"The third plea denies that any such bond was ever returned with the attachment, and the plaintiff, in his replication, avers and affirms that the bond was taken and returned with the attachment. The plaintiff therefore holds the affirmative of the issue and must prove it, and, having failed to do so upon the trial of the cause, the court did not err in excluding the bond as evidence. And it is believed that it should have been returned with the attachment, and that there was no

error, therefore, in overruling the demurrer to said third plea.''

The bond which may be taken under this section of the Code is one specially for the benefit of the sheriff. If he return it with the papers into the proper court, then he and the sureties on his official bond are protected from liability, provided this special bond is a solvent one. Being primarily for the protection of the sheriff, if the sheriff desire to take advantage of this bond, then it is his duty to return it into the proper court with the attachment or execution papers. If he fails to return it, then no vitality attaches to the bond. The sheriff and his official bond remain liable to the same extent as if no bond had been demanded by him under this section. The plaintiff has therefore sued the wrong parties.

The record fails to show that appellants are estopped to make this defense. The motion of the defendant to exclude the testimony and for a peremptory instruction should have been sustained. The judgment of the lower court is reversed, and a judgment will be entered here on behalf of the appellants.

*Reversed and judgment here.*